UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:13CV-70-JHM

MICHAEL V. STEWART                                                                                   PLAINTIFF

VS.

CITY OF FRANKLIN,
FRANKLIN POLICE DEPARTMENT,
BARREN RIVER AREA DEVELOPMENT DISTRICT,
KEVIN ALLEN, individually and
in his official capacity, AND
KENTON POWELL, individually and
in his official capacity                                                                               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants City of Franklin, Franklin Police Department, and Kenton Powell's Motion to Dismiss [DN 18]. Also, Defendant Barren River Area Development District filed a motion to dismiss [DN 19] and Defendant Kevin Allen filed a motion to dismiss [DN 20]. Fully briefed, these matters are ripe for decision.

**I. BACKGROUND**

This case arises out of the fire at Plaintiff's residence on August 1, 2012 and the subsequent demolition of the property on August 3, 2012. The fire started in a vacant building adjacent to Plaintiff's house. Plaintiff Michael Stewart had lived in the house, located at 207 S. College Street, Franklin, Kentucky, since 1994. Following the fire, the City of Franklin condemned the property and razed the building.

Plaintiff alleges that the actions by Defendants City of Franklin, Franklin Police Department, Barren River Area Development District (BRADD), Kevin Allen, and Kenton Powell led to violations of his Fourth, Fifth, and Fourteenth Amendment rights. Additionally,

Plaintiff asserts claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 as well as several state law claims.

## II. STANDARD OF REVIEW

### A. Lack of Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," American Telecom Co., L.L.C. v. Republic of Lebanon, 501 F.3d 534, 537 (6th Cir. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)), and "may be raised at any stage in the proceedings," Schultz v. General R.V. Center, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co., 491 F.3d 320, 330 (6th Cir. 2007). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Here, the Defendants' motions to dismiss raise a Rule 12(b)(1) facial attack on Plaintiffs' jurisdictional allegations. Coxco Realty, LLC v. United States Army Corps of Engineers, 2008 WL 640946, *2 (W.D. Ky. March 4, 2008).

### B. Failure to State a Claim

Upon a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," League of United

Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), accepting all of the plaintiffs' allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiffs must provide the grounds for their entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The plaintiffs satisfy this standard only when they "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts that are merely "consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678–79. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

## III.  DISCUSSION

The Plaintiff alleges that Defendants violated constitutional rights and federal laws by not compensating him and not providing him an opportunity to contest the actions of the government prior to the demolition of his property. Defendants contend that Plaintiff must exhaust state remedies, specifically an inverse condemnation action, before asserting these claims in federal court. As such, Defendants argue that Plaintiff's claims are not ripe, and thus, the Court does not have subject matter jurisdiction.

The Supreme Court in Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195 (1985) held that "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Plaintiff attempts to maneuver around the requirement that he exhaust state remedies by arguing that this case involves a

physical taking instead of a regulatory taking, and as a result, Williamson does not apply to the present facts. In reliance on this position, Plaintiff cites to Kruse v. Village of Chagrin Falls, 74 F.3d 694 (6th Cir. 1996), but Kruse has little relevance to Kentucky law and the Sixth Circuit overruled the case in Coles v. Granville, 448 F.3d 853 (6th Cir. 2006). Scotts v. Pierson, 2013 WL 5487342, *21 (S.D. Ohio Sept. 30, 2013) ("[T]he Sixth Circuit expressly overruled Kruse, explaining: '[t]oday, ten years after the Kruse decision, this uncertainty has all but disappeared, as the Ohio courts have accepted a mandamus action as the appropriate approach for a plaintiff alleging a taking without just compensation.'"). As opposed to the uncertainty that existed in Ohio as to an appropriate state remedy, "Kentucky provides a cause of action for inverse condemnation when a citizen alleges that his property has been taken through the exercise of the state's regulatory powers." Hammond v. Baldwin, 866 F.2d 172, 179 (6th Cir. 1989). As a result, Plaintiff must exhaust state court remedies before his Just Compensation claim is ripe in federal court. See Heaton v. City of Princeton, 47 F. Supp. 2d 841, 846-47 (W.D. Ky. 1997) aff'd, 178 F.3d 1294 (6th Cir. 1999).

Plaintiff contends that he does not need to file an action for an inverse condemnation because this taking solely related to private use, not public use. The Court rejects Plaintiff's argument concerning the condemnation of his property falling into the category of a private taking. Plaintiff correctly states that a taking for a purely private use constitutes a constitutional violation. Montgomery v. Carter Cnty., 226 F.3d 758, 765 (6th Cir. 2000). However, to succeed on such a claim, Plaintiff must show that the "taking had no rational connection to a minimally plausible conception of the public interest." Id. at 768. Here, the facts alleged by Plaintiff demonstrate that his property was demolished in connection with obtaining a local development

4

grant. This fact alone is enough to meet the extremely low threshold of showing a connection to a public use.

In addition to asserting a Just Compensation claim under the Fifth and Fourteenth Amendment, Plaintiff asserts a federal claim under the Fifth and Fourteenth Amendment for failing to provide substantive and procedural due process. Plaintiff's procedural due process claim fails because the government does not need to provide notice prior to the physical invasion of private property for public use as long as "private property owners may pursue meaningful postdeprivation procedures to recover just compensation." Presley v. City of Charlottesville, 464 F.3d 480, 490 (4th Cir. 2006) (citing Bailey v. Anderson, 326 U.S. 203, 205, 66 S.Ct. 66 (1945)); see also Bigelow v. Michigan Dep't of Natural Res., 970 F.2d 154, 159-60 (6th Cir. 1992) ("[A]ddressing the plaintiffs' procedural due process claim at this stage of the proceedings would allow future plaintiffs effectively to circumvent the ripeness requirement for takings claims simply by attaching a procedural due process claim to their complaint."). This also applies to Plaintiff's substantive due process claim. Warren v. City of Athens, 411 F.3d 697, 708 (6th Cir. 2005) ("Takings claims, whether asserted as just compensation or substantive due process claims, are subject to ripeness requirements . . . ."). Because Plaintiff has not attempted to pursue an action under state law, his due process claims are not ripe.

As for Plaintiff's federal statutory claims, Plaintiff's 42 U.S.C. § 1985 fails because it is only ancillary to Plaintiff's Fifth Amendment claim. Coles, 448 F.3d at 855 (affirming the district court's dismissal of other federal claims, including the claim under 42 U.S.C § 1985, on the ground that plaintiff's Fifth Amendment claim was not ripe). Additionally, the Plaintiff failed to properly assert enough facts to support a claim under Section 1985. To state a claim under Section 1985(3), the Sixth Circuit holds that "a plaintiff must prove (1) a conspiracy

involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." Johnson v. Hills & Dales Gen. Hosp., 40 F.3d 837, 839 (6th Cir. 1994). In more general terms, to state a cognizable Section 1985(3) claim, "a claimant must prove both membership in a protected class and discrimination on account of it." Estate of Smithers ex rel. Norris v. City of Flint, 602 F.3d 758, 765 (6th Cir.2010); accord Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) (holding that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action"). In the present case, Plaintiff does not assert any facts to suggest he is a member of a protected class or that he was discriminated on account of it.

Plaintiff also asserts Fourth Amendment and Fourteenth Amendment claims under 42 U.S.C. § 1983, but this claim is really just another way of stating his Fifth Amendment claim. Scott v. Garrard Cnty. Fiscal Court, 2012 WL 176485, *7 (E.D. Ky. Jan. 20, 2012) ("To allow Plaintiff to pursue a Fourth Amendment claim for the seizure of Lanham Lane would eviscerate the ripeness requirement for takings claims under the Fifth Amendment."). The Court recognizes in Brown v. Metro. Gov't of Nashville, 2012 WL 2861593, *4 (6th Cir. Jan. 9, 2012) that the Sixth Circuit stated that for the purposes of the statute of limitations in that case, the Fourth Amendment claim was not subsumed by the Fifth Amendment. However, the Sixth Circuit only discussed the Fourth Amendment claim in reference to the statute of limitations where the plaintiff had already exhausted his state court remedies. As such, the Court believes that the facts of the present case align more closely with Scott than with Brown.[1] Moreover, a

---

[1] It should be noted that the Sixth Circuit in Coles affirmed the dismissal of the plaintiff's Fourth and Fourteenth Amendment claim under Section 1983 for lack of ripeness. Coles, 448 F.3d at 860-65.

conclusion otherwise would completely erode the holding in Williamson through artful pleading of the Fourth Amendment and allow for duplicative proceedings in the state and federal courts over identical facts.[2]

Plaintiff also asserts multiple state law claims. Because Plaintiffs' federal claims are subject to dismissal, the Court declines to exercise supplemental jurisdiction over the state-law claims. See 18 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Therefore, Plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE**. 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

For the foregoing reasons, Defendants City of Franklin, Franklin Police Department, and Kenton Powell's Motion to Dismiss is **GRANTED** [DN 18]. Also, Defendant Barren River Area Development District's motion to dismiss [DN 19] and Defendant Kevin Allen's motion to

---

[2] Judge Traxler from the Fourth Circuit explained the problem with allowing a plaintiff to continue in federal court with a Fourth Amendment claim as follows:

> [T]he application of the Fourth Amendment to cases like this one would upset the well-established and clear procedure for raising constitutional challenges to this type of taking by the government, requiring the plaintiff first to seek in state court compensation for the taking and permitting the plaintiff to proceed to federal court only if just compensation is denied. Allowing a plaintiff to bring a Fourth Amendment claim *any time* a state government physically seizes real property for public use, as [plaintiff] contends we must, would severely undermine the process contemplated by the Supreme Court in Williamson.

Presley v. City Of Charlottesville, 464 F.3d 480, 493 (4th Cir. 2006) (Traxler, J., concurring in part and dissenting in part) (citing Williamson, 473 U.S. at 194-95).

dismiss [DN 20] are **GRANTED**. All of Plaintiff's claims, both federal and state, are **DISMISSED WITHOUT PREJUDICE**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

November 27, 2013

cc: counsel of record