UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:13CV-70-JHM

MICHAEL V. STEWART                                                                         PLAINTIFF

VS.

CITY OF FRANKLIN,
FRANKLIN POLICE DEPARTMENT,
BARREN RIVER AREA DEVELOPMENT DISTRICT,
KEVIN ALLEN, individually and
in his official capacity,
KENTON POWELL, individually and
in his official capacity                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Michael Stewart's Rule 59(e) Motion to Set Aside or Amend Judgment [DN 34]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

On December 2, 2014, the Court granted summary judgment in favor of Defendants City of Franklin ("City"), Franklin Police Department, Barren River Area Development District ("BRADD"), Kevin Allen (individual and official capacity), and Kenton Powell (individual and official capacity) on all of Plaintiff's claims, including alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights. In the opinion, the Court held that the Plaintiff's Fifth and related Fourteenth Amendment claims were not ripe for adjudication under the rule announced in Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985). The Court also dismissed Plaintiff's Fourth and Fourteenth Amendment claims since these claims were simply restated Fifth Amendment claims and to allow them to proceed would eviscerate the ripeness requirement for takings claims under the

Fifth Amendment. The 42 U.S.C. § 1985 claim was dismissed because it was ancillary to the Fifth Amendment claim and there were no allegations to suggest that Plaintiff is a member of a protected class. As all the federal claims were dismissed, the Court declined to exercise jurisdiction over the state law claims.

The Plaintiff now asks the Court to reconsider the dismissal as to his Fourth and Fourteenth Amendment claims under 42 U.S.C. § 1983. In addition, the motion asks the Court to exercise supplemental jurisdiction over all the state claims. The current motion does not ask that any other part of the opinion be reconsidered.

## II. STANDARD OF REVIEW

Motions to alter or amend judgments may be "made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." United States v. Jarnigan, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008) (citing Fed. R. Civ. P. 59(e); Helton v. ACS Grp., 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); see also GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" United States v. Abernathy, 2009 WL 55011, at * 1 (E.D. Mich. Jan. 7, 2009) (citation omitted); see also Browning v. Pennerton, 2008 WL 4791491, at * 1 (E.D. Ky. Oct. 24, 2008) ("[A] motion for reconsideration is not a vehicle to re-hash old arguments . . . ."); Elec. Ins. Co. v. Freudenberg–Nok, Gen. P'ship, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position.").

Motions to alter or amend judgments under Rule 59(e) "are extraordinary and sparingly granted." Marshall v. Johnson, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007).

### III. ANALYSIS

Consideration of Plaintiff's Rule 59(e) motion convinces the Court that it committed clear error when it dismissed his Fourth and related Fourteenth Amendment claims. The case law relied upon by the Court does not support the dismissal. To the contrary, Soldal v. Cook County, Ill., 506 U.S. 56, 71, 113 S. Ct. 538, 549, 121 L. Ed. 2d 450 (1992) supports Plaintiff's argument that his Fourth and Fourteenth Amendment are viable regardless of the ripeness of his Fifth Amendment claims. See also Presley v. City Of Charlottesville, 464 F.3d 480, 485-86 (4th Cir. 2006). The Court finds that Plaintiff has alleged sufficient facts to support a claim under the Fourth and Fourteenth Amendments for an unreasonable seizure of his home.

Therefore, Plaintiff's motion to amend the judgment is **granted**. The Fourth and related Fourteenth Amendment claims are reinstated. Since there is now a federal claim, the Court will reinstate the state law claims and exercise supplemental jurisdiction over them.

It seems that the Fourth and related Fourteenth Amendment claims under 42 U.S.C. § 1983 against Defendant Kevin Allen and Defendant Kenton Powell, in their official capacity, are redundant due to the same claims against the City. See, e.g., Butts v. Deibler, 2013 WL 3423770, *3 (W.D. Ky. July 8, 2013) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245 (6th Cir. 1989)). Similarly, a § 1983 suit may not be pursued against the Franklin Police Department. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991) ("[T]he Sheriff's Department is not a legal entity subject to suit.") (citing Kurz v. Michigan, 548 F.2d 172, 174 (6th Cir. 1977)). Thus, the only remaining parties are Powell (in his individual capacity), Allen (in his individual capacity), BRADD and the City.

Despite the fact that Plaintiff does not seek reconsideration of the dismissal of his Fifth Amendment claims, the Court is again convinced, upon review, that it erred in dismissing those claims entirely. Consistent with the holding of Montgomery v. Carter County, Tennessee, 226 F.3d 758 (6th Cir. 2000), and to the extent Plaintiff is alleging that his property was taken for a private use, he may pursue his Fifth Amendment related claims. The Court, in its earlier opinion, rejected Montgomery because "the facts alleged by Plaintiff demonstrate that his property was demolished in connection with obtaining a local development grant." [DN 32, p. 4]. However, while that may be true for the real estate, the same cannot be said definitively about the personal property contained inside the home, which was allegedly all destroyed. Plaintiff should have an opportunity to prove that the taking and destruction of his personal property "had no rational connection to a minimally plausible conception of the public interest." Id. at 768. Therefore, Plaintiff's Fifth Amendment claims are reinstated to the extent he claims the taking of his personal property was not for a public use.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff Michael Stewart's Rule 59(e) Motion to Set Aside or Amend Judgment [DN 34] is **GRANTED**. The judgment entered on December 2, 2013 [DN 33] is **VACATED** consistent with this opinion.

*[Signature]*

**Joseph H. McKinley, Jr., Chief Judge**
United States District Court

April 24, 2014

cc: counsel of record